IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ADAMS,<br><br>        Plaintiff,<br>vs.<br><br>P.L. VAZQUEZ, et.al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-04-6658 LJO DLB P<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART<br><br>(Doc. 63) |

I. <u>Defendants' Motion to Dismiss</u>

    A. <u>Relevant Procedural History</u>

Plaintiff s a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed May 9, 2005, against defendants Woodford, Vazquez, Tinsley, Olson, Armendariz, Snyder, Eiland, Altnow and McEwen ("defendants") for denial of access to the court system and against defendant Tinsley for retaliation. On June 28, 2006, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants filed a motion to dismiss on the grounds that plaintiff fails to state a claim for relief. Plaintiff filed an opposition to the motion on August 24, 2006.

    B. <u>Legal Standard</u>

In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740

1  (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve
2  all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869
3  (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d
4  1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
5  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
6  506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
7  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).
8  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
9  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

10 A court may dismiss a complaint only if it is clear that no relief could be granted under any set
11 of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary
12 judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious
13 claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the
14 claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the
15 pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353
16 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin
17 v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party
18 on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion
19 to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff
20 can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King &
21 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer
22 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

23     C. Discussion
24         1. Denial of Access to the Courts

25 This action is proceeding on plaintiff's claim that he was denied access to the court by defendants
26 Tinsley, Armendariz and Vazquez. He alleges defendants denied him law library access and legal
27 material. He also alleges defendant Vazquez refused to modify the law library hours.
28 Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S.

1  343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes
2  to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354.
3  The State is not required to enable the inmate to discover grievances or to litigate effectively once in
4  court. Id.

5  Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and
6  legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do
7  not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish
8  relevant actual injury by establishing that his prison's law library or legal assistance program is subpar
9  in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the
10 courts must show that he suffered an actual injury. Id.

11 Defendants argue that plaintiff fails to state a claim upon which relief may be granted because
12 he has not demonstrated an actual injury relating to the alleged denial of access to the Court. Defendants
13 point out that the only cases plaintiff references in his amended complaint are: (1) a petition fo writ of
14 certiorari to the Supreme Court; (2) a Civil Rights action filed in the United States District Court,
15 Central District of California on January 30, 2004; and (3) an action filed in the United States District
16 Court, Central District of California against the California Attorney General. Defendants argue that
17 plaintiff has not demonstrated actual injury with respect to these actions because the petition for writ of
18 certiorari is not a protected class of pleading and the remaining two actions were successfully filed in
19 the United States District Court, Central District of California.

20 Plaintiff alleges that because of the denial of access to the law library by defendants Tinsley,
21 Armendariz and Vazquez, he was unable to timely file a petition for writ of certiorari with the United
22 States Supreme Court. While it is not absolutely clear from the amended complaint, it appears that this
23 petition related to plaintiff's underlying petition for writ of habeas corpus, which is a protected class of
24 pleading. Construing the amended complaint in the light most favorable to plaintiff, the amended
25 complaint states a cognizable claim for denial of access to the courts.

26 The Court rejects defendants' argument that plaintiff's allegations against Warden Vazquez are
27 insufficient to state a claim. Plaintiff alleges that Warden Vazquez denied his request to modify the law
28 library hours. Plaintiff alleges sufficient personal involvement on the part of the Warden, at this stage

of the proceedings, to survive defendants' motion to dismiss. As previously stated, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). At this stage in the proceedings and absent the presentation of any authority that compels the court to conclude otherwise, the court declines to find that plaintiff's allegations are insufficient to state a cognizable claim for denial of access to the Courts against defendants Vazquez, Tinsley and Armendariz.

2.    Inmate Appeals

Plainitff's claims against defendants Olson, Snyder, Altnow and Eiland relate to their involvement in responding to his inmate appeals relating to the law library. Prisoners have no constituional right to an inmate grievance system. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Consideration of plaintiff's appeals does not create a basis upon which to impose liability on defendants for the actions that were taken by defendants Olson, Synder, Eiland, Altnow or McEwen. There are no facts set forth in the amended complaint that support a claim that these defendants violated plaintiff's constitutional rights and therefore their motion to dismiss should granted without leave to amend. Plaintiff was previously advised of the legal standard relating to claims based on involvement in the appeals process. Plaintiff has failed to include any additional allegations with regard to these defendants.

3. <u>Retaliation</u>

In the amended complaint, plaintiff alleges that in retaliation for filing a civil right complaint, defendant Tinsley ordered a search of his cell and a body search before he entered the library. Defendants argue that plaintiff's retaliation claim against defendant Tinsley must be dismissed because plaintiff has not been chilled from exercising his constitutionally protected rights as evidenced by plaintiff continuing to file inmate appeals and the present lawsuit after the alleged conduct.

This argument has been rejected by the Ninth Circuit, finding that "speech can be chilled even when not completely silenced." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 568 (9th Cir.2005). The inmate need not demonstrate that his speech was actually inhibited or suppressed. <u>Id</u>. at 569 (*quoting* <u>Mendocino Environmental Center v. Mendocino County</u>, 192 F.3d 1283, 1300 (9th Cir.1999)(where the court explained that the proper inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.")). As the Ninth Circuit panel in <u>Rhodes</u> made clear, to hold otherwise would present the prisoner with a "Catch 22" situation. <u>Rhodes</u>, 408 F.3d 559. The Court also noted, "harm that is more than minimal will almost always have a chilling effect." <u>Id</u> at 568. Further, at the pleading stage, the Court must accept as true, plaintiff's allegations that the cell search and body search were taken without penological justification.

4. <u>Director Tilton</u>

Plaintiff has failed to make any specific allegations against director Tilton (substituted in place of the former director J. Woodford) in the amended complaint and therefore the Court recommends that the director be dismissed from this action.

D. <u>Conclusion</u>

Based on the foregoing, defendants' motion to dismiss, filed June 26, 2006 is HEREBY GRANTED in part and DENIED in part as follows:

1. Defendants' motion to dismiss plaintiff's denial of access to the Courts claim against defendants Vazquez, Tinsley and Armendariz is denied;

2. Defendants' motion to dismiss plaintiff's retaliation claim against defendant Tinsley is denied;

3. Defendants motion to dismiss the claims against defendants Tilton, Olson, Snyder,

1  Eiland, Altnow and McEwen for failure to state a claim is granted, without leave to
2  amend; and
3      4.  This case shall proceed on plaintiff's denial of access to the Courts claim against
4  defendants Vazquez, Tinsley and Armendariz and plaintiff's retaliation claim against
5  defendant Tinsley.
6  IT IS SO ORDERED.
7  **Dated:   March 8, 2007**              /s/ Lawrence J. O'Neill
   66h44d                                         UNITED STATES DISTRICT JUDGE