# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ADAMS,<br><br>           Plaintiff,<br><br>   v.<br><br>P.L. VASQUEZ et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:04-cv-06658 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND<br><br>(Doc. 99)<br><br>Dispositive Motion Deadline -    06/06/2008 |

      Plaintiff Ronald Adams ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 7, 2008, plaintiff sought leave to file a second amended complaint, and filed with the court a bifurcated proposed amended complaint.[1] (Doc. 99) Defendants Vasquez, Tinsley, and Armendariz ("defendants") filed an opposition on January 22, 2008, and plaintiff filed a declaration in reply on March 10, 2008. (Docs. 100, 101.) Because plaintiff's motion was timely under the court's scheduling order, Federal Rule of Civil Procedure 15(a) rather than Rule 16(b) governs the disposition of plaintiff's motion. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (good cause under Rule 16(b) must be shown where deadline set in scheduling order expired prior to filing of motion to amend).

      In his motion, plaintiff seeks leave to amend to add ten additional defendants.[2] (Doc. 99.)

---

[1] Plaintiff divides his proposed second amended complaint into two sections. The first section deals principally with his claims regarding access to the courts. The second portion concerns his retaliation claims.

[2] Plaintiff seeks leave to add Altnow, Snyder, Tilton, D. Johnson, L. Strom, Education Supervisor; Moore, Correctional Officer, Mendora, Correctional Officer; Pierce, Correctional Sergeant; K. Scott, Correctional Lieutenant; and S. Stafford as defendants. As explained below, defendants Altnow, Snyder and Tilton were

1

1  Plaintiff also seeks to add new factual allegations concerning both his retaliation and access to courts
2  claims. (Id). It is unclear from plaintiff's filings why he now seeks leave to add these new
3  allegations and defendants.  In his declaration however, plaintiff refers to information obtained
4  during discovery proceedings in support of his motion. (Doc. 101)

5  Defendant opposes the motion on the grounds of prejudice. (Doc. 100.) Defendant argues
6  that new allegations and defendants should not be added at this late date, particularly since this case
7  is already three years old. (Id., 1:26-28.) Defendants argue that the addition of new allegations and
8  new defendants would necessitate extensive additional discovery, and would require defendants to
9  depose plaintiff again because of the new factual allegations contained in his proposed amended
10 complaint, which plaintiff failed to mention during his earlier deposition (Id., 3:27-4:2). To date,
11 defendants state that plaintiff has already served defendants with four separate requests for
12 production of documents, has served defendant Armendariz with two sets of requests for admissions,
13 and has served defendant Tinsley with three sets of requests of admissions. (Id., 3:19-23). Finally,
14 defendants argue that they have already drafted their motion for summary judgment, and that
15 allowing plaintiff to amend his complaint now would force them to amend their motion and delay
16 its adjudication.[3] (Id., 4:3-11). Defendants contend that they should not be required to amend their
17 motion for summary judgment because of plaintiff's dilatory conduct. (Id. 4:10-11).

18 In response, plaintiff states that during the deposition he referred to documents that "show
19 the involvement" of the individuals plaintiff now seeks leave to add as defendants (Doc. 101, p.2).
20 Plaintiff asserts further that he referred to putative defendants Snyder, Altnow, Pierce, Mendora and
21 Moore in his first amended complaint filed May 2005.  The remainder of plaintiff's declaration
22 details the alleged involvement of the putative defendants in either retaliating against plaintiff or
23 impeding his access to the courts.
24 ///
25 ///

26 ─────────────
27 dismissed from this action without leave to amend, on March 8, 2007, for plaintiff's failure to state a claim (Doc. 82).
28 [3] Defendants have not yet filed a motion for summary judgment.

Under Rule 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has been served. Therefore, plaintiff may not file a second amended complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. Prejudice to the opposing party is accorded the most weight, and absent prejudice, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend" unless a strong showing is made on one of the other factors. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

This action was filed December 6, 2004. (Doc. 1.) On April 13, 2005, plaintiff's complaint was dismissed, with leave to amend. (Doc. 11.) Plaintiff filed an amended complaint on May 9 2005, which was found to be appropriate for service on January 4, 2006. (Docs. 12, 17.) After waiving service, defendants Tilton, Vasquez, Tinsley, Olson, Armendariz, Snyder, Eiland, Altnow, and McEwen made an appearance in this action on June 28, 2006, by way of motion to dismiss. (Doc. 63.) On March 8, 2007 the court granted the motion in part, dismissing the claims as against defendants Tilton, Olson, Snyder, Eiland, Altnow, and McEwen. This claim is currently proceeding on plaintiff's denial of access to the courts claim as against defendants Vasquez, Tinsley and Armendariz, and plaintiff's retaliation claim as against defendant Tinsley. (Doc. 82). On March 19, 2008 defendants Vasquez, Tinsley and Armendariz ("defendants") filed an answer to the first amended complaint. (Docs. 86.) On December 11, 2007, the court issued an amended scheduling order setting the discovery deadline for February 12, 2008, the deadline to amend pleadings for

1  January 12, 2008, and the deadline to file pre-trial dispositive motions for April 12, 2008. (Doc. 98.)
2  On March 28, 2008, pursuant to a motion filed by defendants, the court vacated the pre-trial motion
3  deadline, ordering that the deadline be rescheduled after a decision is rendered on plaintiff's motion
4  to file a second amended complaint. (Doc. 103.)

5       Defendants have made a sufficient demonstration that prejudice would result if plaintiff is
6  granted leave to proceed with his second amended complaint. Defendants have argued that they
7  would need to depose plaintiff again regarding his new allegations, since he did not raise them at his
8  earlier deposition. Plaintiff's contention that defendants were aware of these allegations, given the
9  references to the putative defendants contained in his first amended complaint, does not negate the
10 necessity for further discovery or a further deposition of plaintiff. Further, three of the individuals
11 plaintiff seeks to add (Altnow, Snyder, and Tilton) were previously dismissed as defendants from
12 this action, without leave to amend, for plaintiff's failure to state a claim as against them.

13      Plaintiff assertion that his motion be granted even if additional and extensive discovery is
14 required, in order to find the whole truth, is without merit. As explained above, the courts need not
15 grant leave to amend where amendment prejudices the opposing party. AmerisourceBergen.
16 Therefore, based on the foregoing, plaintiff's motion seeking leave to file a second amended
17 complaint, filed January 14, 2008, is HEREBY DENIED.

18      ***

19      The deadline for filing pre-trial dispositive motions shall be **June 6, 2008.** A request for an
20 extension of this deadline must be filed on or before the expiration of the deadline. Extensions of
21 time will only be granted on the showing of good cause.

22      IT IS SO ORDERED.

23      Dated:   **April 14, 2008**    /s/ **Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE